## E. Eppstein & Co. v. J. D. Thomas et al.

### Delivered June 19, 1897.

**Charge of Court—Omission of Issue.**

It was reversible error to direct the jury to consider only two of three issues raised by the pleadings and evidence, though no charge was requested.

Appeal from the County Court of Grayson. Tried below before Hon. J. H. Wood.

*J. D. Haizlip* and *Galloway & Dunlap*, for appellants.—Where the court charges affirmatively that only certain issues are to be determined by the jury, excluding other issues raised by the pleadings and the evidence, it is reversible error, though no charge on the excluded issues was requested by the party and refused by the court. Cannon v. Cannon, 66 Texas, 682; Chamblee v. Tarbox, 27 Texas, 147; Stude v. Sanders, 2 Posey's U. C., 122.

*Beaty & Culver*, for appellees.—Where several grounds for recovery are relied upon, the failure of the court to charge upon one of them is not reversible error, in the absence of a special charge calling the court's attention to the omitted ground. Wilkinson v. Johnson, 83 Texas, 392; Milmo v. Adams, 79 Texas, 526; O'Neil v. Bank, 67 Texas, 36; Half v. Curtis, 68 Texas, 640; Stephens v. Motl, 82 Texas, 81; Railway v. Penderry, 27 S. W. Rep., 213; Railway v. Kirschhoffer, 24 S. W. Rep., 577.

FINLEY, Associate Justice.—This is a suit instituted by E. Eppstein & Co. against J. D. Thomas and F. M. Thomas upon an account for goods and merchandise sold, and contracted to be paid for in Grayson County. The suit was originally brought in the Justice's Court, and from a trial in that court an appeal was taken to the County Court, where the judgment was rendered which is asked to be reviewed here.

In plaintiffs' statement of their cause of action they sought (1) a recovery against J. D. Thomas and F. M. Thomas, as partners under the firm name of J. D. Thomas; (2) they sought a recovery against J. D. Thomas and F. M. Thomas, upon the ground that the business was conducted under the name of J. D. Thomas, and F. M. Thomas held himself out and represented that he was a partner in the business; (3) it was alternately pleaded that F. M. Thomas was the sole owner and proprietor of the business, and that the goods were sold to him as such, and he promised to pay for them.

Upon the trial of the case the court instructed the jury as follows: "The only question for you to determine is, whether or not the defendant F. M. Thomas was a member of said firm of J. D. Thomas, and if not, whether he held himself as such or represented himself as such to the public. If you find that he was such partner, or that he held himself out to the public as such, or so represented himself to the parties with whom

he dealt, then you will find for the plaintiffs against J. D. Thomas and F. M. Thomas, composing the firm of J. D. Thomas, and against each individually. If you do not believe that defendant F. M. Thomas was a member of said firm, and did not so hold himself out to the public and so represent himself, then you will find for the defendant F. M. Thomas against the plaintiffs," etc.

This charge expressly excluded from the consideration of the jury the issue, as to whether F. M. Thomas was the sole proprietor of the business, and bought the goods as such, and promised to pay for them. This issue, as above shown, was presented by the plaintiffs in their statement of the case, and it was supported by evidence. The exclusion of this issue from the consideration of the jury is made the subject of an assignment of error by the appellants.

The error complained of was not a mere omission to charge upon a phase of the case raised by the pleadings and evidence; but it was an affirmative exclusion from the consideration of the jury of an important issue made by the pleadings and the evidence; and it was material error, for which the judgment of the court below must be reversed. Chamblee v. Tarbox, 27 Texas, 147.

*Reversed and remanded.*