GIBSON & CUNNINGHAM v. MILLARD PURIFOY.

Decided June 10, 1909.

**1.—Charge—Omission—Request.**

The statute requiring the court to charge the law of the case (Acts 1903, p. 55) does not alter the rule requiring a request for the submission of an issue in order for the complaining party to avail himself of mere omission in the charge.

**2.—Sale—Receipt by Purchaser—Charge—Fraud.**

In an action upon a contract to receive and pay for barrel staves to be manufactured by the seller subject to inspection and acceptance by the purchaser, where there was an issue as to fraud and collusion between the latter's inspector and the seller in the acceptance of staves not complying with the contract, it was error to ignore this issue by a charge making defendant liable for staves accepted by him at the contract price.

**3.—Charge—Ignoring Issue.**

A charge which directs a verdict for plaintiff on the finding of certain facts, ignoring an issue raised by pleading and evidence sufficient to sustain a different verdict, was affirmative error, and not mere omission harmless in the absence of a requested charge.

**4.—Charge—Weight of Testimony.**

A charge which makes certain evidence conclusive upon the jury is erroneous.

**5.—Damages—Expenditures on Faith of Contract—Charge.**

The damages for failure of a purchaser to comply with a contract to receive and pay for articles to be manufactured were measured, as to such articles as were not made and tendered by reason of the purchaser's refusal to go on with the contract, by the difference between the contract price and the cost of manufacturing them, and it was error to permit recovery, in addition thereto, of expenses incurred by the seller for the purpose of carrying out the contract.

**6.—Evidence—Fraud—Hearsay.**

Statements of third parties not under oath held inadmissible in proof of fraud.

Appeal from the County Court of Franklin County. Tried below before Hon. D. H. Miller.

*R. T. Wilkinson* and *Glass, Estes & King,* for appellants.—The value of the timber standing on the Corn land is not the proper measure of damages in this case, but if the plaintiff is damaged at all on account of not being able to work up the timber on the Corn land on account of the defendants' default and failure to perform their part of the contract, the measure of damage would be the difference in what Gibson & Cunningham, defendants, agreed to pay him for the staves and the cost of making them, and this would cover all the damages, if any,

sustained. 13 Cyclopedia of Law and Procedure, 161; Fox v. Ellston, 33 S. W., 749.

(Third assignment of error.)—The court erred in permitting the plaintiff to testify to a conversation that he had with Frank Vinson in which he (Vinson) told the plaintiff that it was no use in getting up against the defendants' money as they would beat him, because the testimony was irrelevant and immaterial. Greenleaf on Evidence, arts. 51a, 52; Kellogg v. McCabe, 92 Texas, 199.

(Sixth assignment of error.)—The court erred in permitting the witness, Ed Whittle, to testify over the objection of the defendants to a statement made by Frank Vinson to the effect that the defendants always treated a man that they had hired all right at first, but at the last they would cull him heavy and get a rake-off on it.

The court erred in his charge to the jury in telling them that the burden was on the defendant to prove each allegation in their answer before they were entitled to relief; because said charge is not the law and placed a greater burden on the defendants than is required of them. Greenleaf on Evidence, art. 74; Rutherford v. Basham, 38 S. W., 381; Reliance Lumber Co. v. White, 38 S. W., 391.

The court erred in reading to the jury the plaintiff's special charge to the effect that if they failed to find, from a preponderance of the testimony, that the plaintiff and the inspectors of the defendants, colluded together in making the inspection, that they would find a verdict in accordance with the inspection sheets; because the said charge was on the weight of the evidence in that there was no testimony wherein the defendants agreed to abide by the count of the inspectors, the only evidence on this point being that contained in the contracts between the plaintiff and defendants wherein it was agreed that so much was to be paid upon the inspection. Rev. Stats., art. 1317; Sayles' Civil Practice, art. 563; Levy v. McDowell, 45 Texas, 226; Kerlicks v. Meyer, 84 Texas, 158.

If the plaintiff could recover any damage on account of the Corn timber never having been made up, all the damage that he could recover would be the value of the number of staves according to contract that it would have made, less the costs of making, and this would furnish adequate damages. He would not be entitled to recover the value of the timber. McGhee Irrigation Co. v. Hudson, 85 Texas, 592; 26 American & Eng. Ency. of Law (1st el.), 774.

It is reversible error for the court to in any manner intimate to the jury his opinion of the case, or in any way discuss the testimony in their presence, or comment on the weight of the evidence. Rev. Stats., arts. 1316, 1317; Levy v. McDowell, 45 Texas, 226; Keating Imp. & M. Co. v. Erie Iron Works, 63 S. W., 547; Texas & Pac. Ry. Co. v. Murphy, 46 Texas, 366-367.

*W. L. Tittle,* for appellee.—One element of appellee's measure of damage on account of the Corn timber would be the difference between what appellants were to give him for the staves and the cost of getting the staves out, and add to this the amount lost on account of being induced to buy the timber. Hadley v. Baxendale, 9 Exch., 341; Simkins on Contracts, p. 257.

When there is an issue of fraud and collusion great latitude is allowed in the introduction of evidence, the extent of the investigation being largely in the discretion of the trial court, and objections to circumstantial evidence on the ground of irrelevancy are not favored. 20 Cyclopedia of Law and Procedure, 104, 110.

When wilful and malicious acts are charged, any evidence tending to rebut the idea of wilfulness and maliciousness on the part of the person complained of is admissible. 20 Cyclopedia of Law and Procedure, 104, 110.

The burden of proof is on defendant to prove allegations asking for affirmative relief, and in considering a charge thereon reference should be made to the entire charge and the charge should be construed as a whole. McKelvey on Evidence, Hornbook Series, p. 50.

The facts in this case did not require the submission of the question as to the value of the culls, but if error at all, it would only be error of omission, and it would be duty of appellants to request instruction on this phase of the case else they will not be heard to complain. Mills v. Haas, 27 S. W., 263.

There is such a thing as damages for the breach of a contract, and for inducing one to pay out money for a certain purpose and then failing to comply with the terms of the agreement. Hadley v. Baxendale, 9 Exch., 341; Simkins on Contracts, 257.

LEVY, ASSOCIATE JUSTICE.—Appellee sued for breach of a contract to make and deliver staves. Appellants in their seventh assignment complain of the charge of the court as given, and in the eighth assignment complain, to the effect that the court erred in failing to submit to the jury the material issue of defense as to the number and value of the culls sold by appellee to appellants. Considering the two assignments together, we are of the opinion that there was error in the matters complained of. The charge as given by the court in a general way instructed on the burden of proof and then directed the jury to "find from the evidence how many staves the defendants accepted from the plaintiff under the May contract by inspection," and multiply the number thus found by the contract price therefor, and "then you will find the number of staves gotten out under the July contract by plaintiff, inspected and accepted by defendant or his agents," and multiply the number by the contract price, "less a rebate of the hauling·of the staves yet in the woods," and "then add the two amounts thus found together, which said amount will be what the defendant is due and owing to plaintiff. Then you will add up and put in one sum all the amounts paid to plaintiff by the defendant for said staves. Then strike a balance by subtracting one from the other, and whatever the balance may be, either way, will be a verdict for plaintiff or defendant as to the staves." The appellants, by pleading and evidence, contended in the case that the "inspection" of the staves, as submitted by the court, was by the inspectors fraudulently and falsely made by connivance and collusion with appellee so as to pass a great number of culls as first-class, and for which culls appellants were not owing by contract anything, and were not liable. By specially directing and requiring the jury to look to and find the number of staves "accepted

. . . . by inspection," and in ignoring the issue of fraudulent and collusive inspection, the charge is subject to the objection that it had the effect to assume that the inspection was not fraudulent and collusive and did not contain culls, and in effect excluded the material issue raised by the pleading and evidence. Under chapter 39, Acts 1903, p. 55, it is made the duty of the court to charge the law of the case. The law of the case means the substantial issues of the case. San Antonio & A. P. Ry. Co. v. Votaw, 81 S. W., 130. This latter case holds, and others do also, and properly, we think, that the Act did not change the rule precluding a party from complaining of the court's mere failure to submit an issue in the absence of a special request therefor. But the charge in the instant case, under the pleading and evidence, was subject, as stated, to greater and stronger objections than merely failing to submit an issue. It is the rule that where a charge excludes, or in effect excludes, a material issue of defense, it constitutes reversible error. Eppstein & Co. v. Thomas, 16 Texas Civ. App., 619, 44 S. W., 893. The reason of this rule is apparent, because if a special charge were given on the point excluded, or in effect excluded, it would be contradictory of the main charge, and the two charges would be misleading to the jury. The general form of the charge given in this case, in the first portion thereof, is criticised in the case of Bering Mfg. Co. v. Femelat, 35 Texas Civ. App., 36, 79 S. W., 869.

The latter part of the special charge complained of in the ninth assignment was upon the weight of the evidence, and should be omitted in another trial of the case. It is not within the province of the court to say in this case as a matter of law, or to assume as a fact, or to require the jury to find in view of the pleading and evidence, that the inspection sheets were conclusive evidence of the number of first-class ties delivered by appellee.

To carry out his contract to make and deliver staves the appellee purchased the timber on the Corn land. Claiming that appellants induced him to buy the timber, and that by reason of the alleged prevention of the performance of the contract this standing timber was left on his hands, appellee offered testimony, for the purpose of showing damages resulting to him, of the net value of the standing timber per thousand staves for the purpose of making staves, and the loss of this profit to him. The appellant objected to this evidence because immaterial, and not damages properly recoverable in the case. A part of appellee's recovery was based on this evidence. It was error in the case to admit the evidence. The proper measure of damages in the case, as to the staves alleged to have been delivered, and for which, as alleged, the appellants refused to pay, if they did, is the contract price. For the number of staves contracted for less the number claimed to have been delivered by appellee, the measure of damages was the contract price less the cost of making and delivering the staves. 3 Page on Contracts, sec. 1591; Cyc. Law and Proc., p. 161; Tufts v. Lawrence, 77 Texas, 526, 14 S. W., 165; Fox v. Ellston, 33 S. W., 749. The principle of law on which appellee claims the damages in question are allowable is allowable in certain cases, but it is because it is sufficiently plead as an equitable ground of action. And even in

cases where it is properly plead as an equitable ground of action the measure of damages would be the loss equal to the difference between the cost of the standing timber as a whole and any less sum he was forced to sell it for as a whole in the market. Appellee would not be allowed to recover the value of the standing timber for staves and also what he paid for same, and still remain the holder and owner of the standing timber.

It was error to admit the evidence complained of in the third and sixth assignments, upon any ground in the case. It does not go to prove, nor is it sufficient for the purpose, that the appellants instructed the agent to practice the fraud, or that in the absence of proof sufficient to show a system of so doing the appellants practiced fraud in this case. Even if exemplary damages were claimed, which are not, we are inclined to doubt the admissibility of the evidence. Unless the statement could bind appellants, which it could not, it was inadmissible.

For the errors discussed the case was ordered reversed and remanded.

*Reversed and remanded.*