SAUER v. VELTMANN.

(Court of Civil Appeals of Texas. San Antonio. May 15, 1912.)

1. CONTRACTS (§ 346*)—ACTION FOR BREACH —ISSUES AND PROOF — EVIDENCE AS TO TERMS.

Plaintiff, in an action to recover for breach of a contract by which he was to cut and deliver wood in performance of defendant's contract with the government, averred that, as a part of the consideration for defendant's assignment of the government contract to him, he agreed to take from land owned by defendant 1,200 cords of wood, to be put in on the contract, provided that number of cords of such wood as would be acceptable to the government could be cut therefrom. Held, in the absence of exception to the petition on the ground that the contract was not pleaded more fully, that plaintiff's testimony that the wood to be cut was wood that the government would receive and his reading of specifications, attached to the government contract, pertaining to the character of the wood required were admissible under the issues.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1753; Dec. Dig. § 346.*]

2. APPEAL AND ERROR (§ 1050*) — HARMLESS ERROR — ADMISSION OF EVIDENCE — FACTS OTHERWISE ESTABLISHED.

In an action to recover for breach of a contract by which plaintiff was to cut and deliver wood in performance of a contract obtained by defendant from the government, a part of which was to be cut by plaintiff from defendant's land, and in which defendant alleged damages for failure to cut from his land, the admission of plaintiff's evidence that he left only six or seven cords of wood on defendant's land was harmless, where plaintiff had already testified that he cut all the wood, except about four or five cords.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

3. EVIDENCE (§ 474*)—OPINION OF WITNESS— QUALIFICATION.

A witness, shown to have cut wood and to have been present when wood was cut, and to have seen how it turned out, was qualified to give his opinion as to how much wood there was left on the land.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

4. WITNESSES (§ 240*)—EXAMINATION—LEADING QUESTION.

In an action where the amount of wood left standing upon defendant's land was in issue, a question to a witness whether they were cutting it so as to take all of it, or leaving some of it, was not objectionable as leading.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 795, 837–839, 841–845; Dec. Dig. § 240.*]

5. EVIDENCE (§ 471*)—OPINION EVIDENCE— CONCLUSION.

Nor was the question objectionable as calling for an opinion of the witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

6. WITNESSES (§ 248*) — EXAMINATION — RESPONSIVENESS OF ANSWER.

In an action where the amount of wood left standing on defendant's land was in issue, a witness' answer to a question whether it was cut so as to take all of it, or to leave some, that he considered that it was cut clean, as clean as ever he had seen wood cut, was responsive.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 861–863; Dec. Dig. § 248.*]

7. EVIDENCE (§ 471*) — OPINION EVIDENCE— CONCLUSION OF WITNESS.

In such action, a question requiring a witness to state whether the wood was cut clean, and whether any cord wood was left standing, was objectionable as calling for a conclusion of the witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

8. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—ERROR FAVORABLE TO PARTY COMPLAINING.

The admission of evidence favorable to the party complaining was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

9. EVIDENCE (§ 536*)—OPINION EVIDENCE—CONCLUSION OF WITNESS—QUALIFICATION.

A witness, who had been engaged all his life in cutting and hauling wood, was qualified to give his opinion as to how much wood remained uncut on a tract of land.

[Ed. Note.—For other cases, see Evidence, Cent.Dig. §§ 2343, 2344, 2347; Dec.Dig. § 536.*]

10. TRIAL (§ 255*)—INSTRUCTIONS — EXCLUSION OF ISSUE.

In an action to recover for breach of a contract to cut and deliver wood obtained by the defendant from the government, where the pleadings and evidence raised the issue whether plaintiff had failed to cut from defendant's pasture all the wood growing thereon that would be acceptable to the government, as plaintiff contracted to do, an instruction failing to submit the issue for the defense whether plaintiff failed to cut all the wood growing on defendant's pasture, to correct which a special charge could not have been drawn without making the charge as a whole confusing, was positive error, though no special charge was requested.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

11. TRIAL (§ 255*)—ACTION—INSTRUCTIONS—SUBMISSION OF ISSUES.

In an action to recover on a contract to cut and deliver wood, where defendant claimed damages because, the wood not having been cut from his land, it would cost him more to have the land cleared, the court's failure to submit such issue, in the absence of a requested charge, was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

Appeal from District Court, Kinney County; W. C. Douglas, Judge.

Action by Joseph Veltmann against R. V. Sauer. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Ernest A. Jones and Jones & Thurmond, all of Del Rio, for appellant. Frank Lane, of Brackettville, and John J. Foster, of Del Rio, for appellee.

MOURSUND, J. Joseph Veltmann sued R. V. Sauer upon a parol contract between them, alleging that Sauer had been awarded a contract with the United States government to furnish the military post at Ft. Clark, Tex., with 2,400 cords of cordwood; that Veltmann paid Sauer $1,200 for the privilege of filling such contract at the price Sauer was to receive for the wood, the same to be filled in the name of Sauer, who was to receive the vouchers or checks for the wood, and to at once pay the amount of same over to said Veltmann; that, as a part of the consideration for the assigning of said contract, Veltmann agreed to take from two tracts of land owned by Sauer, 1,200 cords of wood to be put in on said contract, provided that number of cords could be cut therefrom, and if that amount could not be cut therefrom that said Veltmann should cut such amount as there might be thereon, and pay to Sauer for each and every cord cut from the Cow Creek pasture $1.75, and for every cord cut from the Sauer home ranch $2.50, the wood to be cut from said lands to be such wood as would be acceptable to the government under said contract. Plaintiff, Veltmann, further alleged that he had carried out his part of the contract, but that Sauer had failed to turn over to him $1,495.90 received from the government on account of wood delivered to it by plaintiff under the contract, for which he brought suit. Defendant answered by general demurrer, general denial, and alleged that plaintiff was to cut 1,200 cords of wood from defendant's lands, and that he failed to cut 818½ cords therefrom, to defendant's damage in the sum of $1,439.12½ for failure to cut the wood and $1,500 for failure to clear defendant's land. Upon trial before a jury, a verdict was rendered in favor of plaintiff for $1,495.90, and judgment entered accordingly, from which defendant has appealed.

[1] The first assignment of error complains of the admission of certain evidence. Plaintiff was asked the following question: "What conversation did you have with Mr. Sauer as to the kind of wood that you was to cut from his land?" The answer was: "The conversations that I had with Mr. Sauer was that the wood that was to be cut from his land was wood that the government would receive under his contract." Objection was made that the evidence was without pleadings to support it, and was misleading and prejudicial. Plaintiff alleged that the wood to be cut from such lands of defendant was to be such wood as would be acceptable to the government under said contract. The evidence was supported by the pleadings, and was not subject to the objections that it was misleading and prejudicial. The assignment is overruled.

The second assignment of error is as follows: "The court erred in allowing the question asked and answer given by the plaintiff, as shown in defendant's bill of exception No. 2, which is hereby referred to and made a part of this assignment." The bill of exceptions shows there were two questions and answers objected to. The first was a request that plaintiff read the paragraph in the specifications attached to defendant's contract pertaining to the character of wood required by the government. This was objected to, on the ground that there were no pleadings on which to base this proof. The court did not err in overruling the objection and permitting the witness to read the description of the wood. Plaintiff alleged that the wood to be cut by him from defendant's land was to be such as would be acceptable to the government under said contract. Defendant did not except to plaintiff's petition because the contract was not pleaded more fully; and the plaintiff, under his pleadings, was entitled to show what kind of wood he was to cut from the land.

[2] The other question was as follows: "I will ask you, Mr. Veltmann, whether or not

you cut all the wood, with the exception stated, the two exceptions stated, from the lands of Mr. Sauer's that would be acceptable under this contract?" Objection was made that the question was leading and suggestive, and the witness was not qualified to testify about the matter inquired about. The answer was as follows: "I cut all the wood that I could get down there at the Cow Creek pasture, with the exception of this small amount of wood right there at the house, and possibly a man might find a mesquite here, and probably one in a quarter or half of mile; and I may have left six or seven cords of wood in the 1,500 or 1,600 acres of pasture that he had." Plaintiff, Veltmann, had already testified that he cut all the wood, except about four or five cords right at the ranch house, and probably a half dozen mesquites in the field, where some milo maize was planted. This question called for the same statement, and the answer was in fact more favorable to defendant than the prior statement. There could have been no injury to defendant. However, the witness had fully qualified himself to make an estimate of the wood remaining, and the question was not objectionable, when considered with the prior evidence. The assignment is overruled.

[3] The third assignment complains of the court's ruling in admitting certain testimony. The witness Fritz Mussmann was asked: "Fritz, how much wood is there left on that ranch, cordwood?" He answered: "I guess about 25 cords; it was just scattered around in the pasture, about two cords around the house." The objection was that the question called for the opinion of a person not qualified to express an opinion. The bill of exceptions was allowed, with the explanation that the witness testified that he had cut wood, and that he was cross-examined by defendant as to the amount of wood left standing. The witness, on direct examination, testified he was there when the wood was cut, and saw how it turned out. We think that the witness was qualified to express an opinion as to the remaining timber, having seen many cords cut. The assignment is overruled.

[4-6] The fifth assignment relates to the following question, asked Nathan Isgrig: "How were they cutting that wood; that is, how were they cutting it as to taking all of it, or leaving some of it?" The objection was that the question was leading and called for an opinion of the witness, who was not qualified to express an opinion on it. The objection was overruled, and the witness answered: "Well, I consider that they cut it clean, as clean as ever I seen wood cut off a place." The question was neither leading, nor did it call for an opinion. The witness certainly knew as a fact whether or not they were cutting all the wood, or leaving some. The answer was objectionable, because (1) not responsive to the question, and (2) because a conclusion of the witness. However,

plaintiff could not anticipate that the witness would so answer, and defendant should have asked that the same be excluded. The assignment is overruled.

[7, 8] The sixth assignment relates to the question propounded to the witness Dudley, as follows: "I will ask you to state, Mr. Dudley, whether or not that wood was cut clean. Was it cut clean? Was there any cordwood left standing?" The objection was made that the question called for a conclusion of the witness, and necessarily called for an opinion. The question was clearly objectionable; but, as the witness answered that there was some wood around there that would do for cordwood, which answer was favorable to defendant, the error was harmless, and the assignment is therefore overruled.

[9] The seventh assignment questions the admissibility of certain testimony of the witness Jim July. He was asked to state his opinion as to how much wood there remained uncut in the Cow Creek pasture, and answered that, including the wood at the ranch house, he would say about 25 cords. The objection was made that the witness was not qualified to make an estimate. The bill was allowed, with the explanation that the witness testified he had been engaged all his life in cutting and hauling wood. As qualified, the bill of exceptions shows no error, and the assignment is overruled.

The eighth assignment of error questions the sufficiency of the evidence to sustain the verdict, because the uncontroverted evidence shows there was a considerable quantity of timber remaining in the Cow Creek pasture, and plaintiff had agreed to take it all at $1.-75 per cord. As we are of opinion the case should be reversed for error in the charge, we overrule this assignment without discussing the evidence.

[10] The ninth assignment is as follows: "The court erred in giving to the jury that portion of the main charge which reads as follows: 'If you believe from a preponderance of the evidence that at the time of entering into the contract, under which plaintiff was given the right by defendant to fill the government contract, defendant and plaintiff agreed that plaintiff was to take 1,200 cords of wood from defendant's Cow Creek lands, and that if 1,200 cords of wood could not be obtained from defendant's Cow Creek lands to apply on the government contract defendant should be allowed to provide other land as near to Ft. Clark as defendant's Cow Creek pasture, or nearer, from which plaintiff was to take the balance of the wood needed to complete 1,200 cords to apply on said government contract, and you further believe that defendant did provide other lands as near to Ft. Clark as defendant's Cow Creek pasture, or nearer, from which plaintiff could cut wood to complete 1,200 cords, then you will find for defendant as to this issue, and return a verdict for the amount of the difference, if any, between $1.-

75 per cord and the price per cord which defendant agreed to pay for wood on such other lands, if any, for 818½ cords.'"

The tenth, eleventh, and twelfth assignments also relate to the charge, above copied, and complain because the court withdrew from the consideration of the jury, and failed to submit, the issue whether plaintiff failed to cut from the Cow Creek pasture all the wood growing thereon, such as plaintiff had contracted to take. The issue was made by the pleadings, and a great deal of evidence was submitted thereon; appellant and one of his witnesses testifying to as much as 450 cords being left in said Cow Creek pasture, and plaintiff and his witnesses testifying to only small amounts, say 25 cords, including some that appellant and his tenant did not want cut. In addition, plaintiff testified that defendant did not want any more cut, and never asked that he cut any more, which is denied by defendant. Defendant testified that he was claiming $2 a cord for the wood that he did not cut, because it would cost him that much more to clear the land. It is true he testified he was to pay $1 per cord for the wood he was to furnish over and above that obtained from his land; and it is strange that in one instance the wood is worth something and in another it is a positive detriment, yet we cannot say that the evidence was not sufficient to go to the jury.

Appellee urges that the failure to submit this issue is a mere omission to charge upon a phase of the case, and that appellant, because of his failure to request a special charge, cannot complain. Appellant contends that the charge complained of in the ninth assignment constitutes affirmative error in virtually telling the jury they cannot consider the question of the wood left on the Cow Creek pasture, and that, had he asked a special charge, the same would have been in conflict with the charge complained of, because the latter instructs the jury to allow for the entire 818½ cords of wood which were not taken from appellant's land as agreed upon.

The charge had the effect to assume that plaintiff cut all the wood off of defendant's land, such as was suitable under the contract with the government, and in effect it excluded from the jury the issue of whether plaintiff cut all the wood from defendant's land suitable for the purposes of the contract. It will be noticed that, while it requires the jury to find the contract to be as pleaded by defendant, including the obligation on plaintiff's part to cut all the wood from defendant's Cow Creek pasture suitable for the purposes of the contract, yet it does not require the jury to find as a fact that plaintiff did cut all such wood, before considering the question of whether defendant furnished other land. It instructs that, if defendant furnished other lands from which plaintiff could

have cut wood to complete 1,200 cords, then to find for defendant for 818½ cords. Defendant testified he would have had to pay $1 per cord for such wood, so the basis of recovery would be different than for the wood to be procured from his own land. Also it was admitted that plaintiff was to cut all suitable wood from defendant's land, and on that question the only issue was as to a substantial compliance with the contract; but it was a disputed issue whether the contract provided that defendant could furnish other land than his own, if 1,200 cords could not be cut from his land.

A special charge submitting the issue of whether all wood had been cut from defendant's land, as contracted, would have been contradictory of the charge complained of; and it is difficult to see how the same could have been drawn so as to correct the error in the charge complained of, without leaving the charges, when considered as a whole, very confusing. We are of the opinion that the charge constituted material error under the authority of the following cases: Gibson & Cunningham v. Purifoy, 56 Tex. Civ. App. 379, 120 S. W. 1047; Eppstein v. Thomas, 16 Tex. Civ. App. 619, 44 S. W. 893; Chamblee v. Tarbox, 27 Tex. 139, 84 Am. Dec. 614; Boettler v. Tumlinson, 77 S. W. 826; Johnston v. Johnston, 67 S. W. 126; Thompson v. Galveston, H. & S. A. Ry. Co., 48 Tex. Civ. App. 284, 106 S. W. 913; Building Co. v. Jones, 94 Tex. 500, 62 S. W. 741; Scott v. T. P. Ry. Co., 93 Tex. 625, 57 S. W. 801. The assignments are therefore sustained.

[11] By the thirteenth assignment, complaint is made because the court did not submit the issue of plaintiff's failure to clear the land, and appellant's damage by reason of such failure. Appellant claimed he was damaged $2 per acre on account of the wood not being cut off his land, because it would cost him that much more to have the land cleared. This was a distinct and separate issue, and a special charge should have been requested, if defendant wanted it submitted The assignment is overruled.

The fourteenth and fifteenth assignments are too general to be considered.

For the error pointed out, the judgment is reversed and the cause remanded.