MAHANEY v. LEE et al.   (No. 8040.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 14, 1914. Rehearing Denied Dec. 19, 1914.)

1. APPEAL AND ERROR (§ 51*)—JURISDICTION —AMOUNT IN CONTROVERSY.

Where a petition alleged that plaintiffs sold defendant a horse for $75, that defendant, having failed to pay for the horse, agreed to either return it in satisfaction of the debt or give a secured note for $116, covering the price of the horse and another debt due from defendant to plaintiffs, and that defendant had failed to return the horse or execute the note and mortgage, and prayed judgment for possession of the horse or $75, the value thereof, and for the $41 due on the other debt, it was sufficient to authorize a recovery of $116 and give the Court of Civil Appeals jurisdiction of defendant's appeal from an adverse judgment, especially where defendant urged a counterclaim for $154.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 237, 267; Dec. Dig. § 51.*]

2. SALES (§§ 19, 20*) — REPURCHASE — CONTRACT—CONSIDERATION—SUFFICIENCY.

A seller's agreement to repurchase, not being an obligation growing out of the original sale, was a sufficient consideration for a new contract obligating the buyer to either return the horse bought or give a secured note for the price and another debt, though the buyer's debt for the horse was barred by limitations.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 31, 32; Dec. Dig. §§ 19, 20.*]

3. SALES (§ 377*)—PLEADING CONCLUSIONS OF LAW FROM FACTS ALLEGED.

Where the petition in a seller's action alleges a breach of a new contract obligating the buyer to either return the horse bought or give a secured note for the price and another debt and prays judgment for the agreed face of the note, it is not demurrable for failure to specifically allege an agreement that the old contract should be merged in the new; such being the necessary effect of the new contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1092; Dec. Dig. § 377.*]

Appeal from Stonewall County Court; W. J. Arrington, Judge.

Action by W. H. Lee and another against C. L. Mahaney. From a judgment for plaintiffs, defendant appeals. Affirmed.

J. M. Carter, of Texarkana, for appellant. T. E. Knight, of Aspermont, and Theodore Mack, of Ft. Worth, for appellees.

DUNKLIN, J. This was an action for title to and possession of a horse and for debt, instituted by W. H. Lee and J. M. Lee against C. L. Mahaney, and from a judgment in favor of plaintiffs for the recovery of the

horse, and in the alternative, for $75, the value of the horse, the defendant has appealed.

[1] In their petition plaintiffs alleged that in the spring of 1910 they sold the defendant a horse for the sum of $75 to be paid in the fall of 1910; that on March 3, 1913, the defendant, having failed to pay for the horse, agreed with plaintiffs to return him in full satisfaction of said debt, unless defendant should execute and deliver to plaintiffs a promissory note in their favor for the sum of $116 to cover the purchase price of said horse of $75 and for $41, which defendant then owed plaintiffs for ginning cotton, and would also execute a mortgage on the horse and two bales of cotton to secure the payment of said note. It was further alleged that defendant wholly breached his contract last mentioned by refusing either to return the horse, or to execute said note and mortgage. Plaintiffs further alleged that the horse was reasonably worth $75 and prayed for a judgment for the possession thereof or for $75, the value thereof, in the event he could not be returned, and also for judgment for the $41 due by the defendant for ginning cotton.

Appellees have suggested that $75 was the only amount in controversy, and that therefore this court is without jurisdiction to entertain this appeal. We are of the opinion that as against the general demurrer the petition was sufficient to warrant a recovery of the $41, which was specifically alleged to be due for ginning cotton, as well as for $75, the value of the horse. Furthermore, defendant urged a counterclaim for $154, which we do not think was abandoned, as appellees insist, since we find in the record that evidence was introduced to sustain it. Hence appellees' contention now under discussion is overruled.

[2, 3] Appellant insists that the court erred in overruling his general demurrer to the plaintiffs' petition. This assignment is predicated upon the proposition that the petition showed a demand based upon the alleged agreement entered into March 3, 1913, which was a new contract made in lieu of defendant's contract of purchase of the horse and was without any new consideration to support the same, and because the petition failed to contain an allegation of any specific agreement that the old contract should be liquidated and merged into the new contract. By another assignment it is further insisted that as the alleged agreement of March 3, 1913, was a parol contract to pay the preexisting debt for the purchase price of the horse and was without any new consideration to support it, the court erred in overruling defendant's plea of two years' limitation urged to plaintiffs' suit. According to the alleged agreement of March 3, 1913, plaintiffs bound themselves, in effect, to repurchase the horse from the defendant, and in consideration therefor to cancel defendant's obligation for $75. Clearly, this agreement to repurchase the horse was not an obligation growing out of the original sale, and was a sufficient consideration to support the new contract, and the fact that the debt which defendant owed for the horse was then barred by the statute of limitation of two years could make no difference. Cotton States Bldg. Co. v. Jones, 94 Tex. 497, 62 S. W. 741. We are of the opinion further that it was not necessary for the petition to contain a specific allegation that it was agreed between the parties that the old contract should be merged into the new, since such was the necessary effect of the new contract. As the new contract was based upon a valuable consideration, and as the suit was instituted within less than two years from the date it was entered into, the court did not err in overruling defendant's plea of limitation.

By another assignment of error appellant insists that the evidence fails to support the judgment. We are of the opinion that the evidence set out in the assignment was sufficient of itself to sustain the judgment, and therefore the assignment is overruled.

The judgment is affirmed.