THOMAS H. SNOW ET AL. v. M. MATHER.

1. MARRIED WOMAN—PROMISSORY NOTE—VOID AND VOIDABLE.—A note executed by a married woman jointly with her husband, in consideration of community property, is not absolutely void, though its payment may be avoided by her if sued upon during her life-time, or by her administrator refusing to allow it as a claim against her estate after her death.

2. SAME—JUDGMENT.—The allowance of such a note by the administrator of the wife's estate and its approval by the chief justice, merged it into a *quasi*-judgment.

3. SAME—SETTING ASIDE ALLOWANCE OF CLAIM.—A note was exe-
cuted by the husband and wife, in 1861, for general merchandise and
negroes purchased by the husband. In 1866 the note was allowed
and approved as a claim against the wife's estate; on the 8th of
June, 1874, an application was made to the District Court, by the
holder of the note, for an order to sell land of the deceased wife's
estate to satisfy the same; and on the 17th of October, 1874, the
heirs brought suit against the holders of the note to set aside the
allowance and approval. There was no evidence that the payee
knew that the woman was married: *Held*—

    1. The approval and allowance should not be set aside, after so
great a lapse of time, on the testimony of the husband, who, if a
fraud was practiced on the wife, perpetrated it.

    2. If the claim was improperly allowed by the administrator, the
remedy was upon his bond.

APPEAL from San Jacinto. Tried below before the Hon.
H. C. Pedigo.

Suit by Thomas H. Snow *et al.*, as heirs of Elvira Goddin,
deceased, against Mather, Hughes & Saunders and M. H.
Mather to set aside an allowance of a note made by M. H.
Goddin and his wife Elvira for $750.30, executed June 30,
1861.

Elvira Goddin died soon after the note was executed, and
on March 9, 1866, M. H. Goddin, being the administrator of
her estate, allowed this note as a valid claim against the estate,
which allowance was, on the same day, approved by the chief
justice of Polk county, in which the administration of her
estate was pending, an affidavit having been made by Samuel
Park, agent of T. Mather, surviving partner of Mather, Hughes
& Saunders, that the note was "a just and subsisting claim
against the estate of Elvira Goddin, deceased, and that all
legal assets, credits, and payments known to this affiant have
been allowed."

The appellants, being the surviving children and heirs at
law of Elvira Goddin, brought suit against Mather, Hughes
& Saunders and M. H. Goddin to set aside the allowance, on
the ground that the affidavit did not set up such facts as would
subject the separate property of the wife's estate to the pay-

ment of the note, and that the indebtedness for which the note was given was not incurred by her, or by her agent, or for necessaries furnished herself and children, or for the benefit of her separate property. It was also charged that the allowance was made in pursuance of a fraudulent combination between the administrator and the payees of the note to defraud the estate.

March 11, 1876, the death of Mather, Hughes & Saunders being suggested, Mrs. Mather, the appellee, was made a party defendant.

October 14, 1876, the case having been submitted to the court and jury waived, there was judgment in favor of defendant M. Mather; from which Snow et al. appealed.

The plaintiffs on the trial introduced defendant M. H. Goddin, who testified, substantially, that the note of 30th June, 1861, was executed by Elvira Goddin (his wife) and self to cover balance of his indebtedness to Mather, Hughes & Saunders for drafts paid by them for his account for goods, wares, and merchandise purchased to supply a store established by him and one Vaughn in Cold Springs, and for negroes bought by him; that this indebtedness was not contracted by his wife, nor by her authority, nor for the benefit of her separate property, nor for necessaries for herself or children, but that she signed the note for the unpaid balance thereof at his solicitation and without benefit to herself. The note, with proof of the allowance and approval thereof as a claim against the estate of Elvira Goddin, deceased, on 9th March, 1866, was then put in evidence. The note is as follows:

"$750.30.

"On or before the 30th June next, 1862, we promise to pay Mather, Hughes & Saunders, at their office in Galveston, seven hundred and fifty dollars and thirty cents, for value received, with ten per cent. interest until paid.

"M. H. Goddin.
"Elvira Goddin."

It was shown that Elvira Goddin died in 1865, and administration on her estate was still pending. The application of defendant for sale of land to satisfy the allowed claim against the estate was introduced. It was filed at the June Term, 1874, of the District Court.

Defendant Mather read in evidence the bond of Goddin, as administrator of Elvira Goddin's estate, in the sum of $15,000, conditioned as required by the statute.

*Randolph & McKenney*, for appellants.

I. It is submitted, on behalf of the appellants, that the court erred in refusing to set aside the allowance on the ground that the affidavit was insufficient. (Paschal's Dig., arts. 4643, 4644; Trimble *v.* Miller, 24 Tex., 214; Wallace *v.* Finberg, 46 Tex., 79; Harris *v.* Finberg, 46 Tex., 35; Magee *v.* White, 23 Tex., 180; Haynes *v.* Stovall, 23 Tex., 625.)

II. We maintain that the testimony shows that this allowance was fraudulent. It comes clearly within the definition of fraud as laid down by Justice Story: "Fraud, indeed, in the sense of a court of equity, properly includes all acts, omissions, and concealments which involved a breach of legal or equitable duty, trust, or confidence justly reposed, and one injurious to another, or by which an undue and unconscientious advantage is taken of another." (Story's Eq. Jur., sec. 187.)

The affidavit was fraudulent on the part of the holders of the claim, and the approval fraudulent on the part of the administrator.

III. Even if the payees of the note and their agents were not guilty of actual fraud, yet equity will not allow them to profit by the wrongful act of the administrator. Relief will be afforded against contractive as well as actual frauds. (Story's Eq. Jur., secs. 317, 322; Smith's Manual of Eq., pp. 71, 75, 82.)

The pleadings of the appellee in the court below indicate that the ground of defense chiefly relied on was, that this allow-

ance being a judgment, and there being no proof of mistake of fact on the part of the administrator or fraudulent representations on the part of Mather, Hughes & Saunders, the appellants are without remedy.

In reply to this position, it may be stated that when a judgment is erroneous, and the party against whom the judgment has been rendered is excused or prevented, without his fault or neglect, from presenting his defenses in the original action, he is entitled in a court of equity to have the judgment set aside, although his failure to present his side of the controversy did not arise from the act or fault of his adversary. (Freem. on Judg., sec. 488.)

Such an allowance has some of the qualities of a judgment, but it cannot be maintained that it stands on the same ground as actual adjudication of a question between parties present in court. Such an adjudication cannot be set aside simply because it is unjust or erroneous; otherwise there would be no end of litigation. But in this case there has never been an adjudication between the parties. The principle of *res adjudicata* does not apply. The appellants have had no day in court. They have had no opportunity of being heard. If the allowance was unauthorized by law and the facts that would warrant the allowance did not exist, on proof being made that such was the case the allowance should be set aside.

This appears to be the true rule, not only from its manifest justice, but a reference to the cases in which proceedings to set aside such allowances have been considered by this court will show that they have been determined on this principle. (Eccles v. Daniels, 16 Tex., 140; Moore v. Hillebrant, 14 Tex., 315; Montgomery v. Culton, 18 Tex., 750; Hillebrant v. Burton's Heirs, 17 Tex., 138; Henderson v. Ayres, 23 Tex., 96; McGar v. Nixon, 36 Tex., 290.)

The heir is not estopped by judgment against the executor. (Big. on Est., pp. 78, 79.) Elements of estoppel by conduct. (Id., p. 480.) False representations of a married woman that she was a single woman. (Id., pp. 489, 490.)

*F. Charles Hume,* for appellee.

I. It is familiar law, that where a court has jurisdiction of the person and of the subject-matter, no error in the exercise of that jurisdiction can make its judgment void. (Freem. on Judg., sec. 135.) The allowance by a Probate Court of a claim against the estate of a deceased person, approved by the administrator thereof, is a judgment, as conclusive and binding in its nature as any other adjudication by a court can be. ( 3 Tex., 93; 5 Tex., 490; 6 Tex., 166; 9 Tex., 517; 11 Tex., 116; 14 Tex., 315; 16 Tex., 139; 17 Tex., 138; 18 Tex., 750; 37 Tex., 243, and many other cases.)

The courts will not set aside such an allowance, unless it is shown that the claim recognized by it was approved by reason of the administrator's ignorance of the facts connected with it, or the fraudulent representations of the holder respecting it. The principle is announced under various phases of fact in several cases. (Neill v. Hodge, 5 Tex., 487; Jones v. Underwood, 11 Tex., 119; Eccles v. Daniels, 16 Tex., 136; Baker v. Rust, 37 Tex., 243.)

II. If the allowance of the Probate Court could be set aside by the heirs without showing ignorance of facts on the part of the administrator or fraudulent representations by the holder at the time of the approval and allowance of the claim, the facts that Mrs. Goddin was a married woman when she signed the note, and that its consideration was neither necessaries for herself or children nor benefit to her separate property, do not constitute lawful cause for such relief. ( Cravens v. Booth, 8 Tex., 243 ; Baxter v. Dear, 24 Tex., 21.)

III. But the conclusive response to appellants' suit is, that not only is there no proof that the approval and allowance of the claim were made in ignorance of the facts on the part of the administrator or by reason of fraud on the part of the holders, but there is not the slightest evidence that Mather, Hughes & Saunders, or the appellee, knew that Mrs. Goddin was a married woman, much less the wife of M. H. Goddin,

either at the time the note was given or when the claim was approved and allowed.

BONNER, ASSOCIATE JUSTICE.—The note in question having been given in consideration of community property, although it might have been avoided by Mrs. Goddin had suit been brought against her in her life-time, or by her administrator after her death by refusing to allow it, yet it was not absolutely void.

The allowance by the administrator and the approval by the chief justice of the County Court, merged the note into a *quasi*-judgment; and the heirs of Mrs. Goddin should not, years afterwards, be permitted to vacate this judgment by a proceeding in the nature of a bill in equity, without sufficient averments and proof to authorize this.

It appears that Mrs. Goddin signed the note at the request and solicitation of her husband, and by whom, as her administrator, it was subsequently allowed as a claim against her estate. It is not shown that Mather, Hughes & Saunders procured her to sign it, or even knew that she was a married woman, or that the allowance and approval were fraudulently procured by them. It would seem that, relying upon the allowance and approval, they have made no other effort to collect the note, and that, as against the other maker, it would now be barred by limitation.

Under these circumstances, after so long a lapse of time, and after nearly all the principal actors are dead, and with them has passed away the evidence upon which they might have relied to sustain their original cause of action, it would be inequitable to set aside this judgment upon the bare testimony of him who both originated and perpetuated the fraud, if there was any in the transaction; and particularly when this testimony fails to connect Mather, Hughes & Saunders with it, and when it may reasonably be presumed that, if the judgment be vacated, the witness may again receive some of the benefits arising therefrom.

If the claim, which, in fact, should have been paid by the administrator himself, was improperly allowed by him in fraud of the heirs of the estate, as is alleged, and as the testimony would tend to prove, then it would seem that the plaintiffs have a plain and adequate remedy against him on his bond.

Under the circumstances, we do not think that the court erred in not granting the relief prayed for. The judgment of the court below is affirmed.

AFFIRMED.