## THOMASON et al. v. HASKELL NAT. BANK.

No. 3934.

Court of Civil Appeals of Texas. Amarillo.
Dec. 14, 1932.

Rehearing Denied Jan. 18, 1933.

Walter Fly, of Dallas, for appellants.

Ratliff & Ratliff and Tom Davis, all of Haskell, for appellee.

HALL, C. J.

The bank sued G. W. Thomason and Mrs. G. W. Thomason to recover the amount of a note in the usual form, which was made payable to the appellee at its office in Haskell, Tex.

The appellants filed separate pleas of privilege to be sued in Dallas county, which they alleged was the county in which they resided. The bank filed separate controverting affidavits, alleging the execution of the note by the appellants, that according to its terms it was payable at the office of appellee in Haskell county, Tex., and did, therefore, under subdivision 5 of article 1995, R. S., confer jurisdiction upon the district court of Haskell county. The appellants answered the controverting affidavits by general demurrer, special exceptions, general denial, plea of payment in the sum of $751.11, lack of jurisdiction of the district court, that Mrs. Thomason was a married woman at the time she signed the note, for which reason it was void, that she was the real obligor, that G. W. Thomason signed it as an accommodation maker or surety and because the note was void there was no liability as to him because he received no consideration therefor, and further alleged that he was released because the time of payment had been extended without his knowledge or consent.

The principal contention of appellants is that Mrs. Thomason being a married woman at the time of the execution of the note, and there being no allegation or evidence to the effect that the $1,000 for which the note was

executed was for necessaries or for the benefit of her separate property, and because Thomason alleged that he was an accommodation indorser and received no part of the consideration and the note had been extended without his knowledge, there was no liability on the part of either party, and because for said reasons the contract was void, it did not come within the terms of article 1995, subdivision 5.

A married woman's note, given for purposes not specifically authorized by statute, is not void, but voidable. She may defeat a recovery against her personally by pleading her coverture or at her option she may waive this defense. Taylor v. Leonard (Tex. Civ. App.) 275 S. W. 134; Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537.

The matters set up in the answer to the controverting affidavits with reference to the coverture of Mrs. Thomason, the want of consideration and release from liability of Thomason, are all matters which affect the validity of the contract sued on and cannot enter into the trial of the issues presented by the plea of privilege.

As said in Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.(2d) 810, 811: "The ownership of the note, and the validity of the obligation evidenced thereby, are matters which go only to the merits of the action. An inquiry into those matters has no proper place in determining the question of venue."

The judgment is affirmed.