VERDA LEAKE (A. A. POWELL) V. D. D. SAUNDERS ET AL., ADMINISTRATORS (MRS. ALICE B. SAUNDERS).

No. 6718. Decided July 3, 1935.
Rehearing overruled October 16, 1935.
(84 S. W., 2d Series, 993.)

*R. A. Kilpatrick,* of Cleburne, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the act of Mrs. Saunders in signing the notes with her husband constituted a void contract, and that she could not renew or ratify the contract, after the death of her husband, without a new consideration. General Motors Acceptance Corp. v. Merritt, 16 S. W. (2d) 296; Wise v. Boyd, 267 S. W., 543; Carr v. Wyley, 23 Ala., 821; 1 Elliott on Contracts, ses. 212, 422; 53 L. R. A., 361—Exceptions.

*W. B. Harrell,* of Dallas, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion for the court.

We adopt the statement of the case contained in the opinion of the Court of Civil Appeals as follows:

"Prior to 1927, T. M. Saunders and his wife, Alice B. Saunders, executed and delivered to A. A. Powell their promissory notes for the aggregate sum of $1,600.00. Said notes were given for money borrowed by T. M. Saunders and used

by him for community purposes and the debts became community debts. These notes were renewed by T. M. Saunders and wife from time to time and were unpaid when he died in 1927. He died intestate, without leaving any estate either separate or community. No administration was had. Thereafter his widow paid $100.00 on the debts in question and executed renewal notes for the balance. This suit was brought against Mrs. Saunders to recover on the renewal notes. She plead lack of consideration. The court entered judgment for the plaintiff and the defendant appealed.

"Since the removal of the case to this court, Mrs. Alice B. Saunders has died, and D. D. Saunders and J. G. Saunders, as the independent executors of her estate, have been substituted as appellants, and the plaintiff A. A. Powell has died, and Murphy Pickle, as the administrator of his estate, has been substituted as appellee."

The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment that Powell take nothing. 67 S. W. (2d) 402. It placed its decision upon the ground that there was no consideration to support the renewal notes executed by Mrs. Saunders after the death of her husband.

It seems to be true, as stated in an exhaustive note in 17 A. L. R., beginning at page 1341, that, according to the numerical weight of authority, a contract made by a married woman of the nature of that here involved is absolutely null and void and will not constitute a sufficient consideration to sustain a new executory promise to perform the obligation made by her after her disability has been removed. The cases so holding are by courts of states adhering to the comman law doctrine of marital rights, under which the identity of the wife was merged in the husband. Some courts of high standing in states which also adhere to this common law doctrine disagree with the numerical majority, and hold that the moral obligation of a widow to perform a contract made by her and her husband during his lifetime for the benefit of the community estate constitutes an adequate consideration to support a promise made by her after the disability of coverture is removed to perform her void contract. See "Minority Doctrine," 17 A. L. R., p. 1346; Elliott on Contracts, Vol. 1, Sec. 212; 53 L. R. A., p. 36.

■ With this conflict in other jurisdictions we are not now concerned, for the conclusion in each line of decisions is built upon a premise not recognized in this State, namely, that the

contract of a married woman not made for a purpose specifically authorized by statute is absolutely null and void. Such a contract is not void in Texas. We are mindful of such cases as Cruger v. McCracken, 87 Texas, 584, 30 S. W., 537; Wallis v. Stuart, 92 Texas, 568, 50 S. W., 567; Trimble v. Miller, 24 Texas, 215; Lane v. Moon, 46 Texas Civ. App., 625, 103 S. W., 211, and others of similar import. It is recognized that statements made in the opinions in those cases and apparently, in some instances, the decisions actually rendered, are to the effect that such contracts are null and void. But we think the better rule, and the one more in consonance with our conception of marital rights, is that such contracts are not null and void, but are voidable at the option of the wife. Snow v. Mather, 52 Texas, 650; Pitts v. Elsler, 87 Texas, 347, 28 S. W., 518; Gamel v. City National Bank (Com. App.), 258 S. W., 1043; Thomason v. Haskell National Bank, 56 S. W. (2d) 242; Taylor v. Leonard, 275 S. W., 134; Baxter v. Baxter, 225 S. W., 204; Crutcher v. Sligar, 224 S. W., 227 (Writ Ref.); 23 Texas Jur., Sec. 200, p. 232; Speer's Law of Marital Rights, 3rd Ed., Sec. 211. If it is to her interest to do so, she may enforce such a contract. Pitts v. Elsler, supra. "If the contract of a married woman, not within any statute, was void, then it would not be required that she plead her coverture in defense, yet nothing is better settled than that such defense must be pleaded." 23 Texas Jur., p. 201. See Gamel v. City National Bank, supra. Smith v. Pegram, 80 S. W. (2d) 354 (Error Ref.).

■ The right to avoid her note executed during coverture was given by Law to Mrs. Saunders, but she was not compelled to exercise it. As stated in Cotton States Building Co. v. Jones, 94 Texas, 497, 62 S. W., 741, "The doctrine is familiar that no man is compellable to stand on a right which the law gives him. He can always waive it if he chooses." For reasons deemed adequate by her at the time, she voluntarily chose to execute her personal note after the death of her husband in renewal of an obligation which she had the right to disavow, and having elected to do so, and not to disavow, she cannot be heard to say that such renewal note was not based upon an adequate consideration.

■ There is a sound reason why the courts of this State should have a different conception of the disabilities of coverture from courts in states which have unqualifiedly adopted the common law principles governing marital rights. Our laws upon that

subject did not have their origin in the common law, but were derived mainly from the civil law brought from Spain to Mexico and thence to the Republic of Texas. The common law theory that the legal existence of the wife was merged in the husband was not a principle of the civil law and has never been recognized in this State. For interesting and instructive discussions of this subject see Dickson v. Strickland, 114 Texas, 176, 265 S. W., 1012; 23 Texas Jur., pp. 34 et seq., and authorities there cited.

Our conclusion is that the notes sued upon were valid, enforceable obligations of Mrs. Saunders. Accordingly, the judgment of the Court of Civil Appeals is reversed and that of the district court is affirmed.

Opinion adopted by Supreme Court July 3, 1935.

Rehearing overruled October 16, 1936.