## PATRANELLA et al. v. SMITH et al.

### No. 1853.

Court of Civil Appeals of Texas. Waco.

Jan. 28, 1937.

Rehearing Denied March 4, 1937.

Armstrong & Armstrong, of Bryan, for appellants.

Barron & Ware, of Bryan, for appellees.

ALEXANDER, Justice.

Joe and F. B. Patranella recovered two judgments against C. C. Smith and his wife, Emma Rychlik Smith, and recorded abstracts thereof with the county clerk as required by law. This suit was brought by said judgment creditors to foreclose said judgment liens on Mrs. Smith's alleged undivided one-seventh interest in 250 acres of land formerly belonging to Mrs. Smith's parents. The material question to be determined is whether or not Mrs. Smith had any interest in the land that could be subjected to said judgment liens.

It appears from the findings of fact filed by the trial court that, at the time of their death, John Rychlik and his wife, Annie Rychlik, owned the 250-acre tract of land in question. They owned no other property except a small amount of household furniture and the debt owing to them by their daughter, Mrs. Emma Rychlik Smith, hereinafter mentioned. The total estate was of the value of $3,600. John Rychlik died in 1927, and Annie Rychlik died in 1934. They both died intestate, and no administration was had on either of said estates. They left surviving them seven children, including Emma Rychlik Smith, all of whom were made defendants herein. At the time of their death, the said John Rychlik and Annie Rychlik held a promissory note signed by C. C. Smith and his wife, Emma Rychlik Smith, upon which there was a balance due of $800, together with the interest that had accumulated thereon for several years. This note was given for money previously advanced by John Rychlik to said Emma Rychlik Smith to enable her to pay for a home. Both C. C. Smith and his wife, Emma Rychlik Smith, are notoriously insolvent. Previous to the filing of this suit, but subsequent to the recording of the abstracts of judgments, Mrs. Smith, without the joinder of her husband, who appears to have abandoned her, but upon authority from the district court of her residence, conveyed her interest in said land to her brothers and sisters in consideration of the money so previously advanced to her by her father, and the other children partitioned said land among themselves. In answer to plaintiffs' petition, Mrs. Smith filed a disclaimer to any interest in the land and the other children claimed the whole thereof. A judgment was rendered by the trial court denying the plaintiffs a foreclosure of their lien on the land. The plaintiffs appealed.

Although Mrs. Emma Rychlik Smith was a married woman at the time she joined with her husband in executing the note to her father, John Rychlik, for the money advanced to her by him, her contract to pay said indebtedness was merely voidable and not void, and she could elect to stand by her contract and to pay said indebtedness if she so desired. Leake v. Saunders, 126 Tex. 69, 84 S.W.(2d) 993. Her subsequent conduct in conveying her interest in the estate of her parents to her brothers and sisters in consideration of the money so previously advanced to her by her father, and her filing a disclaimer herein to any interest in the land in question, evidences her election to abide by her promise to pay said indebtedness. Harris v. Ware (Tex.Civ.App.) 93 S.W.(2d) 598, par. 2.

Since the indebtedness owing by Mrs. Smith to the estate of her deceased parents exceeded the value of her interest in said estate and since she was insolvent and unable to pay any part of said indebtedness, the other heirs had a right to appropriate her interest in the estate to the payment of her indebtedness to the estate, and consequently she was not entitled to share with the other heirs in a partition of the land belonging to said estate. Oxsheer v. Nave, 90 Tex. 568, 40 S.W. 7, 37 L.R.A. 98; Young v. Hollingsworth (Tex.Civ. App.) 16 S.W.(2d) 844, par. 10. Since Mrs. Smith's interest in the estate had been

extinguished, and she had no right to participate in a division thereof, her creditor, who had recorded an abstract of judgment, had no interest in the land in question.

It is proper to observe that while Mrs. Smith, by her subsequent conveyance of her interest in the land to the other children, could not thereby destroy any right that appellants might have to foreclose their lien on her interest in said land and to have the same sold, subject to the prior claim of the estate to the extent of her indebtedness to the estate, the right to have such lien foreclosed subject to such prior claim is of no value in this instance, for the trial court, with all of the interested parties before it, found upon ample evidence that Mrs. Smith's share in the estate was of less value than her indebtedness to the estate. Hence appellants were not materially injured by being denied such foreclosure. R. B. Spencer & Co. v. May (Tex.Civ.App.) 78 S.W.(2d) 665, par. 6, and authorities there cited.

For the reasons above stated, the judgment of the trial court is affirmed.