### RUDMAN v. HAWKINS.
### No. 2765.

Court of Civil Appeals of Texas. Eastland.

Jan. 20, 1950.

L. H. Welch, Breckenridge, for appellant.

L. D. Hawkins, Breckenridge, for appellee.

COLLINGS, Justice.

This case was filed in Stephens County by appellee L. D. Hawkins against appellant Norman W. Rudman and his wife, Sadie Rudman, seeking to recover upon a contract in writing executed by Sadie Rudman by which she promised to pay to appellee as attorney's fees in a divorce proceeding against appellant, ten per cent of the value of all community property of appellant and his wife, except their homestead, furniture and a Buick automobile. Both Norman W. Rudman and his wife filed pleas of privilege to be sued in Dallas County, Texas, which, upon a hearing before the court, were overruled. Appellant Norman W. Rudman alone has appealed.

Appellee, as plaintiff in the trial court, alleged in his original petition that Norman W. Rudman and his wife were residents of Dallas County, Texas, but had previously resided in Stephens County where they had separated and ceased to live together as husband and wife; that on February 1, 1949, Sadie Rudman entered into a written contract with appellee employing him as her attorney to prosecute a suit for divorce against her husband, the appellant, and to represent her in the protection and recovery of her property rights. In consideration of appellee's obligation and promise to so represent her, the said Sadie Rudman, by the terms of such contract, sought to bind herself, her husband and their community estate to pay to appellee an attorney's fee in an amount equivalent to ten per cent of the value of all their community property except the homestead, furniture and a Buick automobile up to the value of $100,000, and six per cent of all the value in excess of $100,000, to be paid at Breckenridge, Texas. Appellee further alleged that after the execution of such contract he filed suit for divorce as agreed and performed certain other duties in accordance with the contract; that on or about March 14, 1949, appellee, at the request of Sadie Rudman, dismissed such divorce suit upon her representation that she and her husband had become reconciled. Appellee alleged that upon such reconciliation and dismissal of the divorce suit, his compensation by the terms of the

contract became due and payable and he prayed judgment therefor against Sadie Rudman and appellant Norman W. Rudman.

Appellee contends that Sadie W. Rudman is properly suable in Stephens County under Subdivision 5, Article 1995, Vernon's Revised Civil Statutes, because he has alleged and proved that she contracted in writing to perform an obligation in such county. He contends that the appellant, Norman W. Rudman, as her husband, is a necessary party to the suit and is, therefore, also suable in Stephens County under the provisions of Subdivision 29a of such statute.

The fact that appellant Norman W. Rudman is a necessary party to the suit as provided by Article 1984, R.C.S. is not questioned.

The contention of the appellant is that the contract plead and proved is shown to be invalid and insufficient to support venue under Subdivision 5.

In order to sustain venue in the county where suit is brought against a non resident under Subdivision 5, it is not necessary for a plaintiff to establish his cause of action against the defendant therein. This remains for a trial on the merits. The venue facts which must be alleged and proved are, (1) a contract in writing (2) to perform the obligation sought to be enforced in the county in which suit is brought. Petroleum Producers Co. v. Steffens et al., Com. of Appeals, 139 Tex. 257, 162 S.W.2d 698; Farmers' Seed & Gin Co., Inc., v. Brooks, Com. of Appeals, 125 Tex. 234, 81 S.W.2d 675; Bradley v. Trinity State Bank, Com. of Appeals, 118 Tex. 274, 14 S.W.2d 810; Roach v. Schaefer, Tex.Civ.App., 214 S.W.2d 128; Gifford-Hill & Co., Inc., v. Hearne Sand & Gravel Co. et al., Tex.Civ.App., 183 S.W.2d 766.

In several points appellant questions the validity of the contract under consideration and contends that since Subdivision 5 "contemplates only such an obligation as may be made the basis of a suit," that the trial court erred in holding that appellee had met his burden of proving a valid contract performable in Stephens County. Appellee cites in support of this proposition the case of Bomar Cotton Oil Co. v. Schubert, Tex.Civ.App., 145 S.W. 1193. In such case the essential obligation evidenced by the contract and the obligation upon which suit was brought was "to accept and pay for such linters." There was no provision in the contract that such obligation was to be performed in Coke County. The holding of the case was that an incidental provision in the contract providing that the buyer should send a representative to Gainesville to make inspection of the linters before shipment was not sufficient to fix venue. The case at bar differs from the one cited in that the obligation here sued upon was a written promise to pay an agreed attorney's fee at Breckenridge, Texas.

The reasons urged by appellant in support of his contention that the contract was invalid and, therefore, insufficient to support venue in Stephens County under Subdivision 5 are (1) that Sadie Rudman was a married woman not joined by her husband and it is not shown that the contract was for necessities; (2) that appellant's petition shows a reconciliation between the parties and a dismissal of the divorce suit and that the only claim now possessed by appellee is upon quantum meruit, which he has not plead.

In our opinion, these contentions of the appellant cannot be sustained. It is the well settled law in Texas that the contract of a married woman which is not made for a purpose specifically authorized by the statute as necessities, is not void but only voidable. It is likewise established that the defense of coverture of a married woman, minority, want of consideration and release from liability are matters which go to the merits of the action and are not material on a venue hearing such as is here under consideration. The matter of reconciliation likewise goes to the merit of the case. Leake v. Saunders, 126 Tex. 69, 84 S.W.2d 993; Guaranty State Bank of New Braunfels v. Kuehler et al., Tex.Civ.App., 114 S.W.2d 622; Hamill v. Kitchen, Tex.Civ.App., 182 S.W.2d 821; Watters v. Lanning, Tex.Civ.App., 99 S.W.2d 639;

Thomason v. Haskell Nat. Bank, Tex.Civ. App., 56 S.W.2d 242; Melton v. Katzenstein, Tex.Civ.App., 49 S.W. 173.

It is also urged by appellant that appellee has failed to meet the burden resting upon him in not proving that Mrs. Rudman was authorized by her husband to make the contract. The cause of action alleged by appellee was not based upon an authority from the husband to execute the contract and the failure to prove such authority is, therefore, immaterial.

The judgment of the trial court is affirmed.