**CRESWELL et al. v. PRUITT et al.**

No. 2861.

Court of Civil Appeals of Texas. Eastland.

April 13, 1951.

166

Park & Hemphill, Snyder, for appellants.

Scarborough, Yates, Scarborough & Black, Abilene, for appellees.

COLLINGS, Justice.

This is an appeal from an order sustaining a plea of privilege. Appellants, Earl Creswell and Bob Creswell, filed suit in the District Court of Scurry County, Texas, against J. B. Pruitt and O. T. Foster, seeking damages for certain alleged slanderous remarks by Pruitt and Foster at the annual session of the North Colorado Missionary Baptist Association held in Abilene, Texas, on September 8, 1950. Pruitt and Foster filed their pleas of privilege to have the cause removed to Taylor County, Texas, where they reside. Appellants duly filed their controverting affidavit in which they sought to maintain venue in Scurry County under the provisions of Subdivision 29, Article 1995, Vernon's Annotated Revised Civil Statutes of Texas. A hearing was had before the court without a jury and on November 30, 1950, the trial judge signed an order sustaining the plea of privilege. Earl Creswell and Bob Creswell bring this appeal.

Appellants contend in their first point that the case should be reversed "because the trial judge, on November 20, 1950, rendered judgment in open court for appellants. Later, the trial judge signed a judgment sustaining the plea of privilege."

It appears that on November 20, 1950, the trial judge did announce in open court that the pleas of privilege were overruled. The attorney for appellees thereupon announced that he excepted and gave notice of appeal. There is nothing in the record to show that such announced judgment was ever reduced to writing and signed by the trial judge or entered of record. Thereafter, on November 30, 1950, the judge signed an order sustaining the plea of privilege. Such order recited that the cause came on to be heard on November 20, 1950, and that after "having considered such pleas and after due notice, the controverting pleas, together with the evidence offered and the argument of counsel, is of the opinion that the pleas of privilege should be sustained." The order also recited that appellants excepted and gave notice of appeal and that such order was entered on November 30, 1950.

During the term of court at which a judgment is pronounced or entered, the court has plenary power over it, and may change, correct or set it aside at discretion in any way not inconsistent with settled procedure. 25 Tex.Jur., page 520; 49 C.J.S., Judgments, § 229, page 436.

Rule 306a, Vernon's Texas Rules of Civil Procedure, provides that: "In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal * * *."

There is no written draft of any order or judgment shown in the record other than that of November 30, 1950. There is no other written judgment or order upon which an appeal could be based under the terms of the above-quoted rule. Such written judgment is not only inconsistent with but is in conflict with, to the extent of being the direct opposite of, the order pronounced by the court on November 20, 1950. There is no affirmative showing in the record that the judgment pronounced by the court on November 20th was not by a similar announcement from the bench set aside prior to the entry of the written judgment on November 30th. If, under the circumstances, the effect of the order entered on November 30th was not to set aside the prior announced order or judgment, then in support of the validity of the written order it should be presumed that such announced judgment was set aside. Such a presumption is consistent with the terms of the written judgment entered on November 30th and is also con-

sistent with the provisions of Rule 306a. As we view the matter, there is only one final judgment shown by the record and it is the one signed and entered by the Judge on November 30, 1950.

The effect of appellants' second and third points is the contention that a cause of action as to the existence of all venue facts was alleged and proved, and that the judgment of the trial court sustaining the pleas of privilege was contrary to the law and facts and should be reversed. Subdivision 29 of the venue statute under which appellants claim venue in Scurry County provides: "A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

Where a plaintiff seeks to hold venue of a libel suit in the county of his own residence under the above subdivision he has the burden of proving a cause of action against the defendant and must also show that he resided in the county of the suit at the time of the accrual of the cause of action sued upon. Lyle v. Waddle, 144 Tex. 90, 188 S.W.2d 770; Renfro Drug Co. v. Lawson, Tex.Civ.App., 144 S.W.2d 417; Blanton v. Garrett, 133 Tex. 399, 129 S.W. 2d 623; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619.

Scurry County, in which this suit was brought, was the county of appellants' residence at the time of the alleged slanderous utterance by appellees in Taylor County. The fact of appellants' residence in Scurry County at such time is unquestioned. To maintain venue in Scurry County, appellants had the further burden of alleging and proving the "accrual of a cause of action" against appellees for libel or slander.

The evidence shows that appellant Earl Creswell was pastor of the North Side Missionary Baptist Church in Snyder, Texas, and that Bob Creswell was the pastor of the First Baptist Church of Hermleigh, Texas; that said churches, together with like Baptist churches from Scurry, Stonewall, Fisher, Jones, Haskell, Taylor and Mitchell Counties, were associated in an organization known as the North Colorado Missionary Baptist Association; that appellants were selected as messengers by their respective churches to represent such churches at the annual meeting of the Association held on Friday, September 8, 1950, at the Bethel Missionary Baptist Church in Abilene, Texas; that appellants did go to such associational meeting. Appellees, J. B. Pruitt and O. T. Foster, were also present as Messengers at the session where approximately 125 people were assembled. After the group had assembled together and the business session began, J. B. Pruitt, who was Moderator of the Association, announced that "there were two men present who were objectionable and should not be seated as Messengers." Earl Creswell objected to the statement because it did not designate the Messengers whose qualifications were questioned and also on the ground that under the Constitution of the Association, each church was the sole judge of her Messengers. Thereupon, appellee, O. T. Foster, stated that the Messengers objected to were Earl Creswell and Bob Creswell. He stated that "Earl has said that he was not for the Association and not of them" and that "Bob said he would have walked out at Dallas last year at the State Association had he been there." Foster then made a motion that Earl and Bob Creswell not be seated in the Association and after objection thereto by Earl Creswell and some discussion, the motion was amended so as to refuse seats to the Messengers from the First Baptist Church of Hermleigh and from the North Side Missionary Baptist Church of Snyder. Earl Creswell asked the nature of the charges against the churches and Pruitt stated that they were the same charges as made against the pastors of the churches. The motion was voted upon by the Messengers from the other churches and eleven churches voted to refuse a seat to the Messengers of the two churches in

question. There were no votes in favor of seating such Messengers and it was declared unanimous.

Earl Creswell testified that the motion was put while he was still on the floor urging objection thereto; that the Moderator, J. B. Pruitt, asked him to be seated and then said, "there is not going to be any trouble here this day" and instructed O. T. Foster to "call those men;" that after the unanimous vote he listened a while to the proceedings and then walked outside where he saw the police officers who had been summoned. The officers did not arrest or molest either Bob or Earl Creswell.

The statements and actions of appellees claimed by appellants to be slanderous were qualifiedly privileges. 27 Tex.Jur., page 654; 53 C.J.S., Libel and Slander, § 118, page 194; 33 Am.Jur., page 132, and Simmons v. Dickson, 110 Tex. 230, 213 S. W. 612, 218 S.W. 365.

■ Appellants contend that the statements and action complained of were not qualifiedly privileged because the Constitution of the Association provided that "each church shall be the sole judge of the qualifications of its messengers" and that the Association therefore had no power over the subject matter with which it dealt. We cannot agree with this contention. The effect of the action taken by the Association was to refuse to allow the churches in question to be represented. There is nothing in the Constitution of the Association to prohibit such action. We are of the opinion that the Association had an interest in and duty to perform concerning its membership and had the power to control such membership. Cranfill v. Hayden, 22 Tex.Civ.App. 656, 55 S.W. 805, 810.

■ Conditionally privileged statements or publications to be actionable must have been made or published with actual or expressed malice and the burden is on a plaintiff to show such malice. Simmons v. Dickson, supra; Cooksey v. McGuire, Tex.Civ.App., 146 S.W.2d 480; 27 Tex. Jur., pages 676, 682.

■ Nothing was said reflecting on the character of appellants. The state-

ments made by appellees which are the basis of this suit had to do with the attitude of appellants toward the Association. The Association had an interest in and a right to be concerned about such matters. Appellants admitted that they were given opportunity to be seated at the Association if they would state that they were "of them and for them." Appellants testified they refused to do this and indicated that the reason for their refusal was that they were not "of and for them" in the sense used by appellees; that they were "not for those trying to change our time-honored principles." It would appear that the statements made by appellees to the effect that appellants were not "of and for the Association" was admitted by appellants to be true in the sense in which it was intended and understood by all parties hereto. In our opinion there is no showing of malice. The evidence does not show "such gross indifference to the rights of others as will amount to a willful * * * act." Lattimore v. Tyler Commercial College, Tex.Com.App., 24 S.W.2d 361, 363.

■ We cannot agree with appellants' contention that the trial court erred in admitting in evidence an article written by appellant Earl Creswell and published in the Baptist Monitor. The general effect of the article was to state the writer's position on a matter of dispute which was indicated to have developed in the State Association. The tone of the article was distinctly critical of certain named individuals, among whom was one of appellees, whose position on the matter in question was contrary to that of the writer of the article. The article was material as evidence in this cause in that it indicated Earl Creswell's attitude toward the Association. It tended to substantiate the implication of the statements charged to have been made by appellees to the effect that such attitude was unfriendly and belligerent. It was material on the issue of malice in that it tended to explain and served as a basis for the statements charged to have been made by appellees.

The judgment of the trial court is affirmed.