R. E. LAUREL, Appellant,

v.

J. D. WHEELER, Receiver of General American Casualty Company, Appellee.

No. 13210.

Court of Civil Appeals of Texas.

San Antonio.

June 19, 1957.

Rehearing Denied July 17, 1957.

Gordon Gibson, J. G. Hornberger, Laredo, for appellant.

Eskridge, Groce & Habdon, Frank P. Christian, San Antonio, for appellee.

POPE, Justice.

This is a venue suit, but the question presented on appeal is whether an orally rendered judgment which had no support in the evidence was reopened before the term of the court expired. On June 29, 1956, the trial court orally announced in court that defendant's plea of privilege was overruled. At that time the court had before it certain documentary evidence which was not introduced into the record. On July 25, plaintiff filed a motion to reopen the case so it could introduce the evidence. The trial court acted on that motion by setting the matter for hearing on September 6. At that hearing in September, plaintiff introduced the evidence. A written judgment was signed on February 15, 1957, and it recited the fact that the case was first heard on June 29, 1956, that plaintiff made a motion for further hearing, which hearing was conducted without objection from defendant, and that the plea of privilege would be overruled.

Defendant, by this appeal, reasons that more than thirty days elapsed from the date of the original oral rendition of judgment and the time the court set aside or withdrew the original judgment, and that the court had lost jurisdiction of the case to alter the orally rendered judgment. Rule 329-b, Texas Rules of Civil Procedure, grants a trial court power over its judgments for thirty days after rendition. Rule

306a states that the time for perfecting an appeal shall run from the time the judge signs the written draft, but limits the application of the rule concerning "rendition of a judgment" to that purpose.

The trial court on July 25, within thirty days and the time that it had jurisdiction over the case, inferentially declared that there was still no final judgment. The court entertained and set plaintiff's motion to reopen the case for the purpose of presenting evidence which the motion declared was not then in the record. The court in doing that did an act inconsistent with the idea that it had already entered a final judgment. Moreover, as stated in Creswell v. Pruitt, Tex.Civ.App., 239 S.W.2d 165, 166:

"There is no affirmative showing in the record that the judgment pronounced by the court on November 20th was not by a similar announcement from the bench set aside prior to the entry of the written judgment on November 30th. If, under the circumstances, the effect of the order entered on November 30th was not to set aside the prior announced order or judgment, then in support of the validity of the written order it should be presumed that such announced judgment was set aside."

█ Defendant raises the additional point that the case should be reversed since plaintiff's request for admissions concerning the controlling contract between the parties, failed to attach the original document to the demand for admissions. Plaintiff attached a photostatic copy, and defendant refused to admit or deny that it was the contract between the parties because the original was not attached. Rule 169 does not require a party to surrender its original documentary evidence, but clearly states: "Copies of the documents shall be delivered with the request unless copies have already been furnished."

The judgment is affirmed.