**W. H. NICKSON, Appellant,**

v.

**AVALANCHE JOURNAL PUBLISHING CO., Inc., Appellee.**

**No. 7028.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 20, 1961.

Rehearing Denied April 3, 1961.

Wicks & Wicks, Ralls, for appellant.

McWhorter, Cobb & Johnson, Lubbock, for appellee.

NORTHCUTT, Justice.

This is an action for libel brought by W. H. Nickson, hereinafter referred to as appellant, against Avalanche Journal Publishing Co., Inc., hereinafter referred to as appellee. The case was filed in the 72nd District Court of Crosby County, Texas. The appellee filed its plea of privilege to have the case transferred to Lubbock County where it had its domicile and maintained its offices. Appellant filed his controverting affidavit contending the appellee was guilty of libel against the appellant at a time when appellant was residing in Crosby County, Texas within the meaning of Exception No. 29 of Art. 1995 of Vernon's Ann.Civ.St. of Texas. The plea of privilege was submitted to the court without a jury. The trial court entered its order sustaining the plea of privilege and ordered the cause transferred to the 72nd District Court of Lubbock County, Texas. To this judgment and ruling of the trial court, the appellant excepted and gave notice of appeal.

The appellant presents this appeal upon one point of error as follows:

"The court should have overruled the defendant's plea of privilege because the story published was libelous unless it was privileged, and it was not privileged because it was not a "fair, true and impartial account" of the auditor's report to the Commissioners' Court."

The article published upon which this suit is based was concerning an auditor's report presented to the Commissioners' Court of Crosby County, Texas. It was stipulated by the parties that appellee's place of business was in the city of Lubbock in Lubbock County, Texas where it maintained its domicile; that appellant was a resident of Crosby County, Texas on June 17, 1959; and that the story complained of was published by appellee on June 17, 1959 and circulated in Crosby County, Texas on that date.

■■ If the publication here in question was a fair, true and impartial account of the report and proceedings had in the Commissioners' Court, then the publication would be termed privileged. If the publication was privileged, then the burden was on the appellant to prove and obtain the findings by the court that the appellee was actuated by malice in publishing the article. Fitzjarrald v. Panhandle Publishing Co., Inc., 149 Tex. 87, 228 S.W.2d 499 by the Supreme Court.

■ The sole question to be determined under appellant's point of error is whether the publication was a fair, true and impartial account of the report of the auditor and the proceedings had in the Commissioners' Court. If the publication was a fair, true and impartial account of such proceedings, then it would be privileged under Art. 5432 of Vernon's Civil Statutes of the State of Texas. It was stated in the case of Simmons et al. v. Dickson, Tex.Com.App., 213 S.W. 612 that when a publication is privileged the law raises the presumption of good faith and want of malice; and to hold, in such a case, that malice can be inferred from the character of the language used alone would destroy the force of the privilege.

Without attempting to repeat the evidence we think it was sufficient to sustain the court in holding that the publication was a fair, true and impartial account of

the auditor's report to the Commissioners' Court and the proceedings had therein. Judgment of the trial court is affirmed and the cause ordered transferred to the 72nd District Court of Lubbock County, Texas.