**William F. CONKWRIGHT, Appellant,**

v.

**GLOBE NEWS PUBLISHING COMPANY, Appellee.**

**No. 4020.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 12, 1965.

**386**

Edward L. Lasof, Caldwell & Hurst, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, Jack Binion and Tom Alexander, Houston, Folley, Snodgrass, Calhoun & Kolius, V. G. Kolius, Amarillo, for appellee.

GRISSOM, Chief Justice.

William F. Conkwright sued the Globe News Publishing Company in Harris County for damages alleged to have been caused by libel. The defendant's plea of privilege to be sued in Potter County, where it maintains its legal residence, was sustained and the cause was ordered transferred to Potter County. Conkwright has appealed.

On the hearing of the plea of privilege Conkwright proved only that the defendant stated in its newspaper that "Red Conkwright, who shouldn's be coaching anything, is coaching the Houston receivers"; that he was the person referred to and that he was embarrassed and angered by such publication. Appellant's point is that the court erred in sustaining said plea of privilege over appellant's controverting plea in which he alleged the suit was maintainable in Harris County under exception 29, Article 1995, Vernon's Ann.Civ.St. We understand appellant's contention to be that the article was libelous per se, not privileged, and, therefore, that venue was established in Harris County, where the plaintiff resided when the article was published.

Paragraph 4 of Article 5432 provides that publication by a newspaper of reasonable or fair comment or criticism concerning matters of public concern published for general information shall be deemed privileged and shall not be the basis of any action for libel. We think the evidence supports the implied conclusion of the court that the published opinion stated a reasonable comment or criticism concerning a matter of public concern published for general information. Therefore, it could not be the basis for a libel suit, unless made with malice. We understand the law to be that unless a plaintiff establish that such an article was published with malice that he has not proved a cause of action for libel. Fitzjarrald v. Panhandle Pub. Co., 149 Tex. 87, 228 S.W.2d 499, 503. Conkwright had the burden of proving by a preponderance of the evidence on the hearing of the plea of privilege that a cause of action for libel, in fact, accrued in his favor. Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246, 146 A.L.R. 732, 735; Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 622, Par. 4; Blanton v. Garrett, 133 Tex. 399, 129 S.W.2d 623, 625. Since appellant did not establish that he had such a cause of action the defendant's plea of privilege was properly sustained. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, Par. 5. That essential venue fact was not conclusively established. Therefore, the judgment ordering the case transferred to Potter County is affirmed.