GENERAL MOTORS ACCEPTANCE COR-
PORATION et al., Appellants,

v.

Hugh HOWARD et al., Appellees.

No. 7287.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 2, 1971.

Liddell, Sapp, Zivley & Brown, Houston, for appellants.

John L. Fulbright, Beaumont, for appellees.

STEPHENSON, Justice.

This is an appeal from an order overruling defendants' pleas of privilege. Hugh Howard and Howard Motor Company, Inc., as plaintiffs brought this suit against General Motors Acceptance Corporation (G.M.A.C.) and J. F. Young, manager of its Lufkin office, as defendants. This action for libel was filed in Tyler County. G.M.A.C. asked that the cause be transferred to Harris County and Young asked that the cause be transferred to Angelina County. In their controverting pleas, plaintiffs relied upon Sections 9, 23, 29 and 29a of Article 1995, Vernon's Ann. Civ.St., to maintain venue in Tyler County. No findings of fact or conclusions of law were requested or filed. The parties will be referred to here as they were in the trial court.

Defendants' sole points of error are that plaintiffs failed to prove a cause of action. Plaintiffs admit that this was their burden, and contend that they discharged it. These are no evidence points and we consider only the favorable evidence to implied findings by the trial court that plaintiffs proved their cause of action.

The uncontroverted evidence shows: That Hugh Howard is a resident of Tyler County. Before January 8, 1970, Howard Motor Company was a Texas corporation and the authorized Chevrolet and Oldsmobile dealer in Tyler County. G.M.A.C. maintained no office in Tyler County and Young was its branch manager of its Lufkin (Angelina County) office where he also resided. G.M.A.C. had been engaged in financing or "floor planning" Howard Motor Company's inventory of new automobiles. As Howard Motor Company received new automobiles from Chevrolet and Oldsmobile, trust receipts and promissory notes were executed covering each automobile and sent to G.M.A.C. Then G.M.A.C. paid the factory for the automobiles. As Howard Motor Company sold one of these new automobiles to a purchaser, G.M.A.C. would release such automobile as it was paid the amount of its loan to Howard Motor Company on that automobile. On December 8, 1969, Howard Motor Company gave written notice to both Chevrolet and Oldsmobile Divisions of General Motors that it would terminate business on January 8, 1970. January 9, 1970, Young removed all of the inventory of new automobiles from the premises of

Howard Motor Company. January 21, 1970, Young wrote a letter of Carey L. Cruse, President of Citizens State Bank in Woodville, Texas, which is made the basis of this suit for libel. Such letter reads as follows:

## "GENERAL MOTORS ACCEPTANCE CORPORATION

202 MOODY STREET, LUFKIN, TEXAS 75901

Telephone 634–7721
Area Code 713

BRANCHES THROUGHOUT THE WORLD     January 21, 1970     EXECUTIVE OFFICES NEW YORK
MAILING ADDRESS:
P.O. DRAWER 340
LUFKIN, TEXAS 75902

Mr. Carey L. Cruse
Citizen's State Bank
Woodville, Texas 75979

Re: Howard Motor Company, Inc.
Woodville, Texas
Trust Receipt and Note
Identification No. (See Attached)

Dear Sir:

This is to notify you, in connection with our repossession of the collateral under the above account, that:

1. You may redeem said collateral any time during the period ending on January 28, 1970, by payment of $ 150,080.04 , said amount being the sum of the items comprising (a) your unpaid obligation for principal and interest secured by said collateral, (b) reasonable expenses of retaking and storing said collateral, (c) reasonable expenses, if any, incurred in preparing said collateral for sale and (d) provided that the security agreement contains a provision therefor, reasonable attorneys' fees and legal expenses, if any, incurred in retaking and disposing of said collateral (See attachments to this notice for detailed analysis of amounts involved by individual trust receipt or security agreement.)

2. In the event the repossessed collateral is not redeemed in accordance with the foregoing, we will dispose of it in such manner as is permitted by law.

The collateral is presently stored at: 605 Magnolia St., Woodville, Texas and 202 Moody St., Lufkin, Texas.

Any payment or notice in connection with this matter should be addressed to the company at: 202 Moody St., Lufkin, Texas 75901.
Date: January 21, 1970

GENERAL MOTORS ACCEPTANCE CORPORATION

By:

Certified: Return Receipt Requested
Deliver to Addressee Only"

Libel is defined in Article 5430, V.A.C.S., as follows:

"A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and hereby expose such person to public hatred, ridicule, or financial injury."

■ The undisputed facts establish most of the elements of proof required of a plaintiff in a libel venue case. Plaintiff Howard resided in Tyler County at the time the defendants' letter was published by mailing such letter to Carey L. Cruse. The contents of the letter are defamatory in stating that defendants had *repossessed* $150,000.00 of collateral from plaintiffs, which would ordinarily tend to injure plaintiffs' business reputations resulting in financial injury.

The real controversy in this case is whether or not plaintiffs proved a cause of action against defendants by showing the letter was not privileged. There is an inescapable division of authority among the Courts of Civil Appeal in this state on this question. Defendants have cited this court four cases, all holding, in effect, that it is a part of the plaintiffs' burden in resisting a plea of privilege to prove an alleged defamatory statement is not privileged as a part of his cause of action. Their four cases are: Walker v. Martin, 129 S.W.2d 1149 (Tex.Civ.App., San Antonio, 1939, no writ); Conkwright v. Globe News Publishing Company, 398 S.W.2d 385 (Tex.Civ.App., Eastland, 1965, no writ); Nickson v. Avalanche Journal Publishing Co., 344 S.W.2d 749 (Tex.Civ.App., Amarillo, 1961, no writ); and Creswell v. Pruitt, 239 S.W.2d 165 (Tex.Civ.App., Eastland, 1951, no writ). On the other hand, plaintiffs cite this court Dealers National

Insurance Company v. Rose, 396 S.W.2d 535, 536–537 (Tex.Civ.App., Waco, 1965, no writ), in support of their position. This *Rose Case* meets the issues head-on and states the law as follows:

"That a defamation is qualifiedly privileged is an affirmative defense in the nature of confession and avoidance. International & G. N. R. Co. v. Edmundson, Tex.Com.App., 222 S.W. 181; 36 Tex.Jur.2d, Secs. 48, 57, pp. 336, 343; Townes, Texas Pleading, 2d ed., 540, 542. It is a defense upon which defendant has the burden of proof. Cranfill v. Hayden, 97 Tex. 544, 80 S.W. 609, 614, 615; 53 C.J.S. Libel and Slander § 220, p. 332.

\*     \*     \*     \*     \*     \*

"The sole issue in the plea of privilege hearing is that of venue; not liability or the merits of the case. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675. The defense is not available on the hearing to defeat venue in the county of suit. Negativing the prima facie cause of action established by plaintiff does not negative the 'venue fact.' It simply does not affect venue. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Josey Miller Company v. Wilson, Tex. Civ.App., 384 S.W.2d 231, 232 and authorities cited; Rudman v. Hawkins, Tex. Civ.App., 226 S.W.2d 491; Thomason v. Haskell Nat. Bank. Tex.Civ.App., 56 S.W.2d 242. See Panhandle Publishing Co. v. Fitzjarrald, Tex.Civ.App., 223 S. W.2d 635, 641, reversed on other grounds, 149 Tex. 87, 228 S.W.2d 499. These questions were not directly passed upon in Creswell v. Pruitt, Tex.Civ.App., 239 S.W.2d 165, no writ, relied upon by appellant."

We have attempted to find some basis for harmonizing the four cases and the *Rose Case*, supra, but have found no logical basis. Two of defendants' cases involve newspaper publications (*Conkwright*, supra, and *Nickson*, supra), and the courts may have had Article 5432, V.A.C.S., in mind

in holding an absolute privilege. However, the other two cases (*Walker*, supra, and *Creswell*, supra) were slander cases and would not fit the mold. The latter two opinions both mention "conditional privilege" which is the situation we have before us. If the defamatory letter written in this case is privileged, it is because it is a business communication made in the performance of a duty or in protection of a mutual interest. The question then is the determination as to whether under the circumstances of this case, defendants had a "conditional privilege" to write the letter, a defensive matter or a part of plaintiffs' cause of action?

■ The law is well established in this state that "truth" as justification for the publication is a defense which must be specially pleaded. That such plea is in the nature of confession and avoidance upon which defendant has the burden of both pleading and proving. In 36 Tex.Jur.2d Libel and Slander § 134, p. 454, it is written:

"After publication of the defamatory words has been admitted or established, the burden is usually on the defendant to prove justification or mitigation, or to show that the occasion was a privileged one."

See also Mulcahy v. Cohen, 377 S.W.2d 100 (Tex.Civ.App., Houston, 1964, error ref. n. r. e.).

In W. Prosser, Law of Torts, Handbook Series, p. 822 (1941), this statement is made:

"In an action for defamation, the plaintiff's prima facie case is made out when he has established a publication to a third person for which the defendant is responsible, the recipient's understanding of the defamatory meaning, and its actionable character. It is then open to the defendant to set up various defenses, which to some extent have moderated the rigors of the law of libel and slander. Two of these—privilege and truth—are complete defenses, avoiding all liability when they are established."

And at page 851:

"The burden is upon the defendant in the first instance to establish the existence of a privileged occasion for the publication, by proof of a recognized public or private interest which would justify the utterance of the words."

■ We have concluded a logical application of the law in venue cases is that proof of a "conditional privilege" is a defensive matter and cannot be used to defeat venue in Tyler County.

Affirmed.

KEITH, Justice (dissenting).

I respectfully dissent from a well written opinion which makes a reasoned choice between two conflicting lines of authority. It would unduly extend these remarks to point out the split in authority discussed by Justice Stephenson. It is sufficient to say in this connection that I would follow the numerical majority of the cases and not the *Rose Case* upon which our decision must rest.

Furthermore, I am of the opinion that plaintiffs failed to prove a cause of action for two reasons: (a) the letter forming the basis of plaintiffs' suit was one compelled by statute; and (b) the doctrine of Newspapers, Inc. v. Matthews, 161 Tex. 284, 339 S.W.2d 890 (1960), controls in this venue appeal. I will discuss these matters briefly in the order stated.

Our record conclusively establishes that on July 1, 1966, G.M.A.C. filed in the office of the Secretary of State of the State of Texas a Financing Statement which listed the debtor as "Howard Motor Co., Inc." and described the collateral in broad language from which these words are taken:

"New and used Chevrolet and Oldsmobile and other makes of passenger and com-

.mercial motor vehicles of all models . . . "

Thereafter, in August, 1969, Howard Motor Company borrowed $13,200 from the Citizens State Bank in Woodville, executing a "SECURITY AGREEMENT—INVENTORY & EQUIPMENT" document which listed the collateral as follows:

"The Collateral of this Security Agreement is Inventory. . . . Without limitation, the term inventory includes Collateral of the following description: Automobiles, trucks, parts and accessories . . . "

The G.M.A.C. agreement was filed pursuant to the provisions of the Uniform Commercial Code, § 9.101 et seq. Bank's agreement was not filed with the Secretary of State until January 5, 1970, three days before the motor company was scheduled to close its doors. On January 9, 1970, at the time G.M.A.C. repossessed the vehicles, the motor company was in default to both the Bank and G.M.A.C. Under these circumstances, G.M.A.C. was required, by the provisions of § 9.504(c), Uniform Commercial Code, to give notice to the Bank of the intended sale. Its letter did no more than was required by the statute. In giving the notice to motor company and Bank, G.M.A.C. followed the explicit language of the statute and our record does not show that any publication was made other than that required by the statute.

Under these circumstances, I am of the opinion that plaintiffs failed, as a matter of law, to prove "that a cause of action for libel in fact accrued" in favor of either of the plaintiffs. Lyle v. Waddle, 144 Tex. 90, 188 S.W.2d 770, 771 (1945). See also the cases collated in 1 McDonald, Texas Civ.Practice (1965 Rev.Vol.), § 4.35, p. 542.

Plaintiffs, laboring under the burden of proving on the venue hearing that a cause of action for libel had in fact accrued, were also faced with the decision of Newspapers, Inc. v. Matthews, supra (339 S.W.2d at p. 893). Although Justice Calvert dissented in *Matthews*, his comment as to the effect of the holding therein epitomizes the rule of the case. There the present Chief Justice said (at p. 894):

"I agree with the majority's holding that there is no such legal wrong as libel of a business as such."

Howard, the individual plaintiff, was not named in the letter declared upon by the pleading and our record does not disclose the record ownership of the corporate stock of the motor company.

Insofar as motor company is concerned, it had closed its doors and gone out of business some time *before* the letter was written—and at a time when it was in default upon two financing agreements on file in the Secretary of State's office covering the same inventory.

Beyond question, *Matthews* denies the individual plaintiff a cause of action; and, it is difficult, if not impossible to ascertain the existence of a cause of action, *in fact*, in favor of motor company. In any event, the judgment should be reversed insofar as the individual plaintiff is concerned.

This case should enable counsel for the parties to resolve the conflict presently existing in this field of the law since the Supreme Court has potential jurisdiction even though this is an interlocutory appeal. See Article 1728, V.A.C.S., §§ 1 and 2. As to sub-section 1, see Southwestern Investment Company v. Shipley, 400 S.W.2d 304, 305 (Tex.Sup.1966). As to sub-section 2, see International Harvester Company v. Stedman, 159 Tex. 593, 324 S.W.2d 543, 545 (1959).